## WILLIAM OETGEN

*v.*

## JOHN W. ROSS *et al.*

1.  JUDGMENT IN EJECTMENT—*of its conclusiveness.* While it is true that a verdict and judgment in favor of the defendant in ejectment may not in all cases be a bar to a future action by the plaintiff, even under our statute, since such verdict and judgment may not have been rendered upon the title, but merely because the defendant was not in possession at the commencement of the suit, yet where the title is adjudicated, such judgment is as conclusive, as to the title established, between parties and privies, as would be the judgment in a personal action, even though the court finds the facts, a jury having been waived.

2.  EJECTMENT—*outstanding title.* In an action of ejectment where the defendant deduces title through a decree authorizing the administrator of a former owner to sell the premises, the question as to the validity of the decree and the sale under it can not arise, because, even if the decree were void, it would leave the paramount title outstanding in the heirs of the intestate, who alone could dispossess the defendant.

3.  And in such case it is competent for the defendant to prove possession and payment of taxes by those under whom he claims, for seven successive years, even though the sale at which he purchased was void, for such proof, if met by no countervailing evidence, would, at least, show a paramount title in the heirs of the intestate, and possession taken under such title, and that would defeat the plaintiff's action, he not being in privity with the heirs or with the estate.

4.  EJECTMENT *against a tenant—death of the landlord—purchaser at administrator's sale.* Where an action of ejectment was brought against a tenant in possession, whose landlord was dead, and the administrator of deceased had notice of the pendency of the suit, it was *held,* that if the administrator could be regarded as ever having been the landlord of such tenant, he ceased to be so after the sale of the premises by him as administrator, and notice to him could in no way prejudice the rights of a purchaser at such sale previous to the commencement of the suit.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Mr. H. B. McCLURE, Mr. H. STRYKER, Jr. and Mr. G. POL-LARD, for the appellant.

Mr. CYRUS EPLER and Mr. LYMAN LACEY, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by the heirs of John M. Ross against William Oetgen. The plaintiffs recovered, and the defendant brings the record to this court.

Both parties claim under one William W. Babb, as a common source of title. The plaintiffs claim by virtue of deeds from Babb to Henry P. Ross, from Henry P. Ross to Isham Butterworth, from Butterworth back to Ross, and from Henry P. Ross to John M. Ross, the father of the plaintiffs. The defendant claims by virtue of a decree at the suit of certain creditors of Babb against Babb, Henry P. Ross and Butterworth, pronouncing fraudulent the deed from Babb to Henry P. Ross, also that from Henry P. Ross to Butterworth, and that from Butterworth back to Henry P. Ross, and directing a sale of the land in controversy for the benefit of Babb's creditors. The deed from Henry P. to John M. Ross was made a few days before the bill in chancery was filed, but was not recorded until afterwards, and John M. Ross was not made a party in the chancery proceedings. Under this decree a sale was made on the tenth of November, 1841, and a deed executed by the special commissioner appointed by the decree. The title under this decree passed, in September, 1843, to Horatio G. Rew, and from him, through several *mesne* conveyances, to Aaron Ream, the deed to whom bears date June 17, 1854. Aaron Ream died before March, 1859, and at that time his administrator, Michael Ream, procured an order from the proper court for the sale of the land to pay debts. The sale was made July 2, 1859, and Oetgen, the defendant, became the purchaser. He took possession the following spring, the premises remaining, until that time, in the occupancy of Zimmer, who was in possession as tenant, having leased from Aaron Ream in his lifetime.

It is not necessary to consider all the questions that have been discussed in this case, as there are two that must be decisive. It appears by the record that, at the October term, 1844, of the circuit court of Cass county, in which county the premises in controversy are situated, John M. Ross commenced an action of ejectment against Horatio G. Rew, then in possession, and the cause having been submitted to the court for trial, a judgment was rendered for the defendant, which was never set aside. Now, while it is true that a verdict and judgment for the defendant in ejectment may not, in all cases, be a bar to a future action by the plaintiff, even under our statute, since such verdict and judgment may not have been rendered upon the title, but merely because the defendant was not in possession at the commencement of the suit, yet it appears that this suit against Rew was tried upon a written stipulation as to the facts, which is preserved in the record, and which admitted the possession of the defendant, and set forth the title of the plaintiff, Ross, as derived under Babb, and that of the defendant, Rew, as derived under the chancery proceedings and decree in favor of the creditors of Babb, already mentioned. The precise question submitted to the court was as to the effect of these proceedings against John M. Ross, who was not a party to the suit in chancery, but claimed, as already stated, under a deed made before the commencement of said suit, but not recorded until afterwards. The court found for the defendant, thus, in effect, deciding that Rew, a purchaser under this decree, held a title paramount to that of Ross, the father of the present plaintiffs. In that judgment Ross acquiesced, and doubtless it was on the faith of that adjudication that Rew's title was afterwards several times sold and conveyed for a full consideration, until it came to the present defendant. On every principle which makes a judgment conclusive between parties and privies, this judgment must be held so in the present case. It is true, at common law a judgment in ejectment was not conclusive, because the parties were fictitious, and the action was for a fictitious trespass. But our statute has entirely changed the

6—54TH ILL.

character of the action, and under this statute, the judgment of a court having jurisdiction of the parties and the subject matter, is as conclusive in regard to the matters adjudicated upon, as would be the judgment of a court in a personal action. The twenty-ninth section of the statute, in terms, makes it conclusive as to the title established, when rendered upon a verdict, and if the parties choose to waive a jury and allow the court to find the verdict, the effect must manifestly be the same. This same point has been recently ruled by the supreme court of the United States, in the case of *Sturdy* v. *Jackson*, 4 Wallace, 174, in reference to the statute of Arkansas, the court holding that where the title is the sole subject of controversy, the judgment must necessarily, on principle, be conclusive, as the judgment of a court having jurisdiction is always conclusive " *quoad* the subject matter." In that case, as in the present, the judgment in the former action was for the defendant.

The appellees, in order to deprive this judgment of its effect, sought to show that the declaration did not aver the plaintiff to be seized " in fee simple," and that these words were 'interlined in the declaration after the judgment. The proof is rather the other way, but we hold it wholly immaterial, as the stipulation shows that the matter adjudicated was the title of the parties.

It is, however, urged by counsel for appellees, that the decree authorizing Michael Ream to sell the land in controversy, as administrator of Aaron Ream, under which the defendant purchased, was illegally rendered, and the sale void. That question can not arise in this suit. It is immaterial whether such sale was void or valid. The defendant did, in fact, purchase and enter under such decree, and if it was void the title is outstanding in the heirs of Aaron Ream, who alone can dispossess the defendant.

The second error of the court to which we wish to refer, is the exclusion of the evidence offered by the defendant to prove possession and payment of taxes by those under whom he claims, for more than seven successive years. This ruling is defended

by counsel for appellees, on the same ground to which reference has just been made, to-wit: that the administrator's sale being void, the defendant could not show possession and payment of taxes for seven years prior to that time, under the title derived by regular conveyances from Rew. This position is untenable. If the defendant has not acquired the title of Aaron Ream, as against his heirs, he has, at least, acquired it as against all the world but them, and they alone, or persons in privity with them, or with the estate, can be permitted to question the regularity of the administrator's proceedings. The proof offered, if met by no countervailing evidence, would, at least, have shown a paramount title in the heirs of Aaron Ream, and possession taken under such title, and that would have defeated the present action.

A cross error is assigned, to the effect that the court erred in not permitting the appellees to show that the tenant, Zimmer, who was the original defendant in this suit, which was commenced in 1859, and has already been several times in this court, gave the administrator, Michael Ream, the copy of the declaration served on him in September, 1859. A judgment by default was rendered against Zimmer at the March term, 1860, and it seems to be supposed that some benefit is to be derived from that judgment, by proving notice from Zimmer to Ream of the commencement of the suit. But Oetgen had bought at the administrator's sale in July, 1859, and if Michael Ream, as administrator of Aaron Ream, could be regarded as ever having been the landlord of Zimmer, he had ceased to be so after the sale, and a notice to him could in no way prejudice the rights of Oetgen. In view of what was said when this case was formerly before the court, as reported in 47 Ill. 143, we can not perceive how this evidence can be material.

As what we have decided will settle this controversy, it is unnecessary to consider the other points discussed by counsel.

*Judgment reversed.*